United States District Court
Northern District of California

ERTEC ENVIRONMENTAL SYSTEMS,

            Plaintiff,

    v.

RIVERVALLEY ECOSERVICES, INC., and
DOES 1-10,

            Defendant.

Case No.: 13-01907-KAW

ORDER REASSIGNING CASE TO
DISTRICT JUDGE; AND REPORT AND
RECOMMENDATION TO GRANT
PLAINTIFF'S MOTION FOR DEFAULT
JUDGMENT

Plaintiff ERTEC Environmental Systems  ("ERTEC") moves for default judgment against Defendant RiverValley EcoServices for breach of contract.  Plaintiff's motion follows an entry of default by the clerk on May 31, 2013. (Dkt. No. 8.) The Defendant has not appeared in this action, nor did it respond to Plaintiff's complaint or motion for default judgment.

On September 19, 2013, the Court held a hearing on Plaintiff's motion for default judgment, where Defendant did not appear.

Since Defendant, by the very virtue of being in default, has not consented to the undersigned, the Court reassigns this action to a district judge and recommends that Plaintiff's motion for default judgment be GRANTED.

## I.  BACKGROUND AND PROCEDURAL HISTORY

Defendant RiverValley EcoServices, Inc. is a Texas corporation, and the successor-in-interest to Infinity Silt Products, Inc. ("ISP") and Environmental Strategies & Protection, Inc. ("ESP"). (Compl., Dkt. No. 1, ¶ 2.)  Plaintiff  and ESP/ISP entered into a written agreement on or about June 15, 2000, whereby Plaintiff agreed to supply Defendant with products related to erosion and sediment control for sale in the State of Texas. (Compl. ¶ 6.)

Between May 26, 2011 and December 27, 2011, Plaintiff invoiced Defendant regarding sales ordered made by Defendant totaling $44,247.81. (Compl. ¶ 10; Pl.'s Mot. for Default J., at 2.) Defendant refused to pay the amounts owed, and Plaintiff suspended Defendant's account. (Compl. ¶ 11.)

On April 25, 2013, Plaintiff filed suit to recover the amounts owed, for interest, and reasonable attorney's fees and costs, as provided by written agreement. (Compl. ¶ 22; *Id.* at 7.)

The complaint and summons were personally served on Defendant on May 6, 2013. (Dkt. No. 6.) Defendant did not answer or otherwise respond to the Complaint.  The clerk entered default against Defendant on May 31, 2013. (Dkt. No. 8.) Plaintiff's filed the instant motion for default judgment on June 21, 2013. (Dkt. No. 10.)

On August 13, 2013, the undersigned requested an accounting of the balance allegedly owed. (Dkt. No. 15.)  Plaintiff provided the requested information on August 16, 2013. (Dkt. No. 16.)

## II.       DEFAULT JUDGMENT

### A.  Legal Standard

Federal Rule of Civil Procedure 55(b)(2) permits a court to enter a final judgment in a case following a defendant's default. *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 999 (N.D. Cal. 2001). Whether to enter a judgment lies within the court's discretion. *Id.* at 999 (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)).

Before assessing the merits of a default judgment, a court must confirm that it has subject matter jurisdiction over the case and personal jurisdiction over the parties, as well as ensure the adequacy of service on the defendant. See *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). If the court finds these elements satisfied, it turns to the following factors ("the Eitel factors") to determine whether it should grant a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1    *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citation omitted).  In this analysis, "the

2    well-pleaded allegations of the complaint relating to a defendant's liability are taken as true."

3    *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (citing *Televideo*

4    *Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)).  Nevertheless, default does not

5    compensate for essential facts not within the pleadings and those legally insufficient to prove a

6    claim. *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

7            **B.  Subject Matter Jurisdiction and Personal Jurisdiction**

8            In this action, Plaintiff seeks to enforce the terms of its written contract with Defendant,

9    which "expressly provides that the exclusive jurisdiction and venue for any action with respect to

10   said written agreement shall be in the United States District Court, Northern District of

11   California." (Compl. ¶ 2; Ex. A.)  Scott Papp, VP of Operations of Environmental Strategies &

12   Protection, Inc. (ESP) signed the contract on June 15, 2009, which explicitly had a provision that

13   submitted Defendant to the exclusive jurisdiction of this district.

14            Plaintiff served Defendant by personal service with a copy of the summons and complaint

15   in compliance with California state law. (Dkt. No. 6.) *See* Fed. R. Civ. P. 4(e)(1).  Thus, the Court

16   has personal jurisdiction.

17           **C.  Analysis of the *Eitel* Factors**

18           Since the Court has jurisdiction in this matter, this Court must turn to the *Eitel* factors to

19   determine whether the entering of a default judgment is appropriate in this matter.

20                   1.  <u>Prejudice</u>

21           Pursuant to the parties' written agreement, the Superior Court of Alameda County and the

22   U.S. District Court for the Northern District of California have exclusive jurisdiction in disputes

23   arising from the sales contract.  Therefore, Plaintiff would be prejudiced if the Court did not enter

24   default judgment.

25                   2.  <u>Merits of Plaintiff's Claims & Sufficiency of the Complaint</u>

26           The second and third *Eitel* factors focus on the merits of Plaintiff's substantive claim and

27   the sufficiency of the Complaint. *Eitel*, 782 F.2d at 1471–72.  Plaintiff brings four causes of

28   action, the latter three of which are brought as "common counts" under California law.

An action will generally lie upon a common count "where services have been rendered under a contract which is unenforceable because [it is] not in writing...." *Iverson, Yoakum, Papiano & Hatch v. Berwald*, 76 Cal. App. 4th 990, 996 (1999) (citations omitted).  California courts have found common counts "proper whenever the plaintiff claims a sum of money due, either as an indebtedness in a sum certain, or for the reasonable value of services, goods, etc., furnished." *Util. Audit Co. v. City of Los Angeles*, 112 Cal. App. 4th 950, 958, 5 Cal. Rptr. 3d 520, 527 (2003) (citing *Kawasho Internat., U.S.A., Inc. v. Lakewood Pipe Service, Inc.* 152 Cal.App.3d 785, 793 (1983)).  The common counts, as discussed below, seek the same damages as the breach of contract action presumably in case the written agreement has no force.  While Plaintiff does not discuss the rationale, it is likely in case Defendant were to show that it were not a successor-in-interest to ESP, which signed the agreement on June 15, 2009.

     *a. Breach of Contract*

To recover damages from for breach of contract, Plaintiff must sufficient allege: (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damages to plaintiff therefrom. *Acoustics, Inc. v. Trepte Construction Co.*, 14 Cal.App.3d 887, 913 (1971).

First, Plaintiff has attached a copy of the signed contract, dated June 15, 2009. (Compl., Ex. A.) Plaintiff alleges that Defendant acquired ESP, which entered into the agreement, in  or around May 2011. (Compl. ¶ 8.) After May 26, 2011, Plaintiff began invoicing Defendant (as RiverValley) for all shipments to Houston and the Dallas-Fort Worth area, because Defendant "orally agreed to accept consignment of ERTEC erosion and sediment control products and be the non-exclusive distributor for ERTEC in that portion of Texas...." (*Id.* ¶ 9.)

Second, Plaintiff alleges that it sold goods to Defendant, and provides several invoices for those sales dated from May 26, 2011 to December 27, 2011 and May 25, 2012 and July 11, 2012. (Compl. ¶¶ 8-16, Ex. B.)  Plaintiff sufficiently alleges that Defendant accepted the shipments.

Third, Plaintiff sufficiently alleges that Defendant did not pay those invoices. (Compl. ¶¶ 11, 14, 16.)  In fact, Plaintiff provides an email from Dennis Richmond, Chief Executive Officer

United States District Court
Northern District of California

4

of RiverValley EcoServices, containing a proposed payment plan for RiverValley to pay down its debt and keep a credit line open. (Decl. of Vince Morris ("Morris Decl."), Dkt. No. 10-1, Ex. D.)

Lastly, Plaintiff sufficiently alleges that it was damaged in amount of the outstanding balance due on Defendant's account, which is $68,191.19. (Compl. ¶¶ 10, 13, 15.)

### b. Open Book Account

Plaintiff claims that Defendant owes it money on an open book account. (Compl. ¶¶ 23-25.) To establish this claim, Plaintiff must prove that (1) Plaintiff and Defendant had financial transactions; (2) that Plaintiff kept an account of the debits and credits involved in the transactions; (3) that Defendant owes money on the account; and (4) the amount of money that Defendant owes Plaintiff.

As provided above, Defendant RiverValley acquired ESP, which had a contract with Plaintiff to provide various erosion and sediment control products. After acquisition, Plaintiff delivered those products to Defendant, and for which Plaintiff invoiced Defendant. Plaintiff has sufficiently alleged the foregoing, and that Defendant still owes money on the account based on the facts alleged in the complaint and the invoices and emails attached to ERTEC President and CEO Vince Morris' declaration. (Compl. ¶¶ 11, 14, 16.; Morris Decl., Exs. A-G.)

In light of the above, Plaintiff has sufficiently stated a claim for the common count claim of an open book account.

### c. Goods Sold and Delivered at the Agreed Price

Plaintiff claims that Defendant owes it money for the goods delivered at the agreed price. (Compl. ¶¶ 26-29.) To establish this common count claim Plaintiff must prove that (1) Defendant requested, by words or conduct, that Plaintiff deliver goods for Defendant's benefit; (2) that Plaintiff delivered the goods as requested; (3) that Defendant has not paid for the goods; and (4) the reasonable value of the goods that were provided.

As provided above, Plaintiff has sufficiently alleged that Defendant requested Plaintiff's products, that Plaintiff delivered as requested, and that Defendant has not paid for the goods. (Compl. ¶¶ 1-16, 26-29.) Lastly, Plaintiff's invoices provide the reasonable value of the goods

1   that were provided, as the contract explicitly states that the price of goods is subject to change,

2   and the Court must take the allegations of the complaint as true. (Compl., Ex. B.)

3           Plaintiff has sufficiently stated a claim for the common count claim of goods sold and

4   delivered at the agreed price.

5                   *d.   Quantum Valebant*

6           Plaintiff also seeks recovery under the common count of quantum valebant. (Compl. ¶¶

7   30-33.)  Quantum valebant is used to recover the reasonable value of goods sold and delivered.

8   *Weitzenkorn v. Lesser*, 40 Cal. 2d 778, 792-794 (1953). The plaintiff may be able to assert a claim

9   for quantum valebant when the plaintiff sold or delivered goods to the defendant, the plaintiff's

10  performance was made pursuant to the defendant's express or implied request, the defendant used

11  the property for his or her benefit in a manner and under circumstances for which the law imposes

12  a duty of compensation for that use, and the defendant did not refuse to accept the goods. *See*

13  *Weitzenkorn v. Lesser*, 40 Cal. 2d 778 (1953); *Hallidie v. Sutter St. R.R.*, 63 Cal. 575, 577 (1883).

14  As provided above, Plaintiff has satisfied the requirements of quantum valebant, as Defendant

15  requested that the goods be sold to it, Plaintiff shipped the goods to Defendant, and Defendant

16  accepted the goods. (Compl. ¶¶ 1-16, 30-33.)

17          Plaintiff's Complaint and supporting materials allege facts sufficient to prove the

18  necessary elements for quantum valebant.

19                  3.   <u>Sum of Money at Stake</u>

20          The fourth *Eitel* factor focuses on the amount at issue in the action, as courts should be

21  hesitant to enter default judgments in matters involving large sums of money. "When the money

22  at stake in the litigation is substantial or unreasonable, default judgment is discouraged." *Bd. of*

23  *Trs. v. Core Concrete Const., Inc.*, No. C 11-2532 LB, 2012 WL 380304, at *4 (N.D. Cal. Jan. 17,

24  2012) (citing *Eitel*, 782 F.2d at 1472). However, when "the sum of money at stake is tailored to

25  the specific misconduct of the defendant, default judgment may be appropriate." *Id.* (citations

26  omitted).

27          The sum at stake is the outstanding balance due on Defendant's account, which is

28  $68,191.19 plus interest.  (Compl. ¶ 15; Mot. at 2.)  While Plaintiff's complaint seeks attorney's

United States District Court
Northern District of California

6

United States District Court
Northern District of California

fees, the Motion for Default Judgment does not.  At the hearing, Plaintiff's counsel confirmed that Plaintiff was not seeking attorney's fees and costs, so the Court will decline to recommend a reasonable attorney's fees and costs award.  Since the sum of money at stake is the outstanding balance owed by Defendant, the Court finds that the sum of money at stake to be proportionate and appropriately tailored to Defendant's specific misconduct in failing to pay the balance owed for good received. *Bd. of Trustees of Sheet Metal Workers v. ACCU-Balance Associates, Inc.*, 05-3470 SC, 2006 WL 3591141 at *2 (N.D. Cal. Dec. 11, 2006).

4.   The Possibility of a Dispute Concerning Material Facts

With respect to the fifth prong, Defendant has not participated in this action and has not made any attempt to contest any of Plaintiff's material facts or legal assertions or moved to set aside the entry of default despite being served with all papers.

Defendant was given ample opportunity to respond to the Complaint and participate in the proceedings.  Plaintiff personally served Defendant on May 6, 2013, when copies of the Summons and Complaint were delivered to Dennis Richmond, President of RiverValley EcoServices, and Susan Richmond.  Therefore, Plaintiff properly effected service of process. Further, given that RiverValley President Dennis Richmond sent email communications with Plaintiff about the amounts owed, the possibility for any factual dispute is unlikely.  Thus, this factor weighs in favor of default judgment.

5.   Whether Default was a Result of Excusable Neglect

Plaintiff properly served Defendant with the Summons and Complaint.  Defendant made no appearance in this matter and has not responded to Plaintiff's motion.  Consequently, there is nothing suggesting that Defendant's failure to appear and litigate this matter is based on excusable neglect. *Shanghai Automation Instr. Co. v. Kuei*, 194 F.Supp.2d 995, 1005 (N.D. Cal. 2001).

6.   Federal Rules Preference for a Decision on the Merits

After an examination of these facts in the aggregate, this Court finds that *Eitel* factors one through six outweigh the Federal Rules of Civil Procedure's preference for a decision on the merits. This Court therefore recommends an entry of a default judgment.

United States District Court
Northern District of California

### III. DAMAGES & INJUNCTIVE RELIEF

After entry of default, well-pleaded factual allegations in the complaint are taken as true, except as to the amount of damages. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). To recover damages after securing a default judgment, a plaintiff must prove the relief it seeks through testimony or written affidavit. *Bd. of Trs. of the Boilermaker Vacation Trust v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005); *see Pepsico, Inc.*, 238 F. Supp. 2d at 1175 (citing *Televideo Sys., Inc.*, 826 F.2d at 917-18).

In its complaint and in making this motion, Plaintiff seeks the outstanding balance owed on Defendant's account in the sum of $68,191.19, plus interest. (Compl. ¶ 15; Mot. at 2.) Plaintiff provides several emails between ERTEC President Vince Morris and ERTEC Managing Member Richard Sherratt and Defendant, which detail Plaintiff's attempts to collect the monies owed. (*See* Morris Decl.; Decl. of Richard Sherratt, Dkt. No. 10-2.) Plaintiff did not initially provide an exact accounting of the amounts owed in the Complaint, but provided the information in Vince Morris' supplemental declaration to support the awarding of $68,191.19. (Morris Supp. Decl., Dkt. No. 16, Ex. A.)

### III.    CONCLUSION

For the reasons set forth above, and for good cause shown, this Court RECOMMENDS that Plaintiff's motion for default judgment be GRANTED, and that the District Court award damages in the amount of $68,191.19, plus interest in the amount of 1.5% per month.

Any party may file objections to this report and recommendation with the District Judge within 14 days of being served with a copy. *See* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b); N.D. Civil L.R. 72-2. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *IBEW Local 595 Trust Funds v. ACS Controls Corp.*, No. C-10-5568, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011).

IT IS SO RECOMMENDED.


Dated: September 20, 2013

_____
KANDIS A. WESTMORE
United States Magistrate Judge