**United States District Court**
For the Northern District of California

1

2

3

4

5              UNITED STATES DISTRICT COURT

6              NORTHERN DISTRICT OF CALIFORNIA

7

8    ERTEC ENVIRONMENTAL SYSTEMS,              No. C-13-1907 EMC

9              Plaintiff,

                                               **ORDER TO SHOW CAUSE**
10        v.

11   RIVERVALLEY ECOSERVICES, INC.,

12             Defendant.
     _____/

13

14

15        Before the Court is a report and recommendation by the magistrate judge previously assigned

16   to this case recommending that this Court grant Plaintiff ERTEC Environmental Systems' motion

17   for default judgment.

18        "Before entering default judgment, a court must determine whether it has subject matter

19   jurisdiction over the action and personal jurisdiction over the defendant." *J&J Sports Prods., Inc. v.*

20   *Basto*, No. C 10-5122 PJH, 2011 WL 2197756, at *2 (N.D. Cal. June 6, 2011).  Plaintiff's complaint

21   asserts this case falls within this Court's diversity jurisdiction. (Dkt. No. 1, at 1).  In order for

22   diversity jurisdiction to exist, there must be complete diversity between the parties. *See In re*

23   *Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008).

24        Defendant RiverValley EcoServices, Inc. is alleged to be a Texas corporation with its

25   principal place of business in Texas.  *See Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028

26   (9th Cir. 2009).  Plaintiff has only alleged that it is a "California limited liability company in good

27   standing with its principal place of business in the County of Alameda, State of California."  (Dkt.

28   No. 1, at 2).  However, for purposes of determining diversity jurisdiction, a limited liability

**United States District Court**
For the Northern District of California

1   company is deemed to have the citizenship of each of its members.  *See Johnson v. Columbia*

2   *Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("We therefore join our sister circuits

3   and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are

4   citizens.").

5          Because the complaint contains no allegations regarding the citizenship of Plaintiff's

6   members, this Court is unable to determine if there is complete diversity between the parties and,

7   thus, whether it has subject matter jurisdiction over this dispute.[1]  *See, e.g.*, *Wagner v. Spire Vision*

8   *LLC*, No. 13-00054 YGR, 2013 WL 941383 (N.D. Cal. Mar. 8, 2013) (remanding action to state

9   court because "Defendants have failed to allege adequately the citizenship of all the parties to this

10  action.  Limited liability companies, or LLCs, are like partnerships in that they are a citizen of every

11  state where its owners and members are citizens."); *Nguyen v. BrooksAmerica*, No. CV 09-7054-

12  JFW, 2009 WL 3162435, at \*1 (C.D. Cal. Sept. 29, 2009) (dismissing for lack of subject matter

13  jurisdiction, in part, because "Plaintiffs have failed to specifically allege . . . the citizenship of each

14  member of the LLC defendant").

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24

25          [1] The magistrate judge found jurisdiction was appropriate in this court because the parties
26  expressly provided in the underlying contract that the United States District Court for the Northern
    District of California would have exclusive jurisdiction and venue.  (Dkt. No. 18, at 3).  However,
27  parties may not confer subject matter jurisdiction by stipulation where it is otherwise lacking.  *See*
    *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1228 (9th Cir.
28  1989) ("On the other hand, a party cannot waive by consent or contract a court's lack of *subject*
    *matter* jurisdiction.").

2

1        Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** why this action should not be

2   dismissed for lack of subject matter jurisdiction.  Plaintiff's response to this order may consist of

3   sufficient evidence for this Court to determine the citizenship of each of its members.  Plaintiff's

4   response is due within 10 days of this order.

5

6        IT IS SO ORDERED.

7

8   Dated:  October 1, 2013

9

10                                          _____
                                            EDWARD M. CHEN
11                                          United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California