UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ERTEC ENVIRONMENTAL SYSTEMS,

    Plaintiff,

    v.

RIVERVALLEY ECOSERVICES, INC.,

    Defendant.
_____/

No. C-13-1907 EMC

**ORDER TO SHOW CAUSE**

Before the Court is a report and recommendation by the magistrate judge previously assigned to this case recommending that this Court grant Plaintiff ERTEC Environmental Systems' motion for default judgment.

"Before entering default judgment, a court must determine whether it has subject matter jurisdiction over the action and personal jurisdiction over the defendant." *J&J Sports Prods., Inc. v. Basto*, No. C 10-5122 PJH, 2011 WL 2197756, at *2 (N.D. Cal. June 6, 2011). Plaintiff's complaint asserts this case falls within this Court's diversity jurisdiction. (Dkt. No. 1, at 1). In order for diversity jurisdiction to exist, there must be complete diversity between the parties. *See In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008).

Defendant RiverValley EcoServices, Inc. is alleged to be a Texas corporation with its principal place of business in Texas. *See Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009). Plaintiff has only alleged that it is a "California limited liability company in good standing with its principal place of business in the County of Alameda, State of California." (Dkt. No. 1, at 2). However, for purposes of determining diversity jurisdiction, a limited liability

1    company is deemed to have the citizenship of each of its members.  *See Johnson v. Columbia*
2    *Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("We therefore join our sister circuits
3    and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are
4    citizens.").

5    Because the complaint contains no allegations regarding the citizenship of Plaintiff's
6    members, this Court is unable to determine if there is complete diversity between the parties and,
7    thus, whether it has subject matter jurisdiction over this dispute.[1]  *See, e.g.*, *Wagner v. Spire Vision*
8    *LLC*, No. 13-00054 YGR, 2013 WL 941383 (N.D. Cal. Mar. 8, 2013) (remanding action to state
9    court because "Defendants have failed to allege adequately the citizenship of all the parties to this
10   action.  Limited liability companies, or LLCs, are like partnerships in that they are a citizen of every
11   state where its owners and members are citizens."); *Nguyen v. BrooksAmerica*, No. CV 09-7054-
12   JFW, 2009 WL 3162435, at *1 (C.D. Cal. Sept. 29, 2009) (dismissing for lack of subject matter
13   jurisdiction, in part, because "Plaintiffs have failed to specifically allege . . . the citizenship of each
14   member of the LLC defendant").

15   ///
16   ///
17   ///
18   ///
19   ///
20   ///
21   ///
22   ///
23   ///

---

[1] The magistrate judge found jurisdiction was appropriate in this court because the parties expressly provided in the underlying contract that the United States District Court for the Northern District of California would have exclusive jurisdiction and venue. (Dkt. No. 18, at 3).  However, parties may not confer subject matter jurisdiction by stipulation where it is otherwise lacking.  *See Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1228 (9th Cir. 1989) ("On the other hand, a party cannot waive by consent or contract a court's lack of *subject matter* jurisdiction.").

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** why this action should not be dismissed for lack of subject matter jurisdiction.  Plaintiff's response to this order may consist of sufficient evidence for this Court to determine the citizenship of each of its members.  Plaintiff's response is due within 10 days of this order.

IT IS SO ORDERED.

Dated:  October 1, 2013

_____
EDWARD M. CHEN
United States District Judge